UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ELAINE WARREN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 1:17cv499 |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits (DIB), as provided for in the Social Security Act. Section 205(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for DIB must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment is "an

impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after consideration of the entire record, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2018.

2. The claimant has not engaged in substantial gainful activity since January 1, 2014 (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: chronic low back pain due to lumbar spondylosis/lumbar radiculitis, status post history of discectomy surgery in 1999 and most recently fusion surgery in 2013, as well as subsequent spinal cord stimulator placement in March 2015 (Exhibits 1F, 2F, 3F, 5F, 9F, 10F, 11F, 13F, 14F and 15F); emphysema/chronic obstructive pulmonary disease (Exhibits 4F and 7F); and, obesity (Exhibit 12F)(20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the physical residual functional capacity to perform "light" work, as defined in 20 CFR 404.1567(b) (i.e. lifting, carrying, pushing, and pulling up to 20 pounds occasionally and 10 pounds frequently sitting at least up to six hours if not more in an eight hour workday; and, standing/walking, in combination, at least up to six hours if not more in an eight hour workday), except the claimant has the additional limitations as follows: she needs a sit/stand option (which allows for alternating between sitting and standing up to every 30 minutes, if needed, but positional change will not render the individual off task); only occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; never climbing ladders, ropes, or scaffolds; needs to avoid concentrated exposure to humidity, wetness, vibration, pulmonary irritants (i.e. fumes, odors, dust, gases, poorly ventilated areas and chemicals); and hazards (i.e. operational control of dangerous moving machinery, unprotected heights, slippery/uneven/ moving surfaces).

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on June 12, 1969 and was 42 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2014, through the date of this decision (20 CFR 404.1520(g)).

(Tr. 26-34).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to disability insurance benefits. The ALJ's decision became the final agency decision when the Appeals Council denied review. This appeal followed.

Plaintiff filed her opening brief on August 30, 2018. On December 10, 2018, the defendant filed a memorandum in support of the Commissioner's decision. Plaintiff has declined to file a reply. Upon full review of the record in this cause, this court is of the view that the ALJ's decision should be remanded.

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). From the nature of the ALJ's decision to deny benefits, it is clear that Step 5 was the determinative inquiry.

Plaintiff has an eleventh-grade education. She had previously worked as a painter until her back problems caused her to quit. She alleges that she suffers from chronic low back pain, emphysema, obesity, chest pain, swollen feet, anxiety, depression, concentration problems, frequent migraine headaches, insomnia, and numbness in her right leg, with nerve damage.

In support of remand, Plaintiff first argues that the ALJ erred by failing to incorporate all of her physical and psychological impairments into the RFC. Plaintiff claims that Gary Trowbridge, PA, diagnosed her with severe depression and associated anxiety. Plaintiff acknowledges that she has not been treated by a mental health therapist. Plaintiff argues that the ALJ acknowledged at least some limitations in her psychological functioning in the areas of activities of daily living, social functioning, and concentration, persistence or pace, but then failed to include any psychological limitations in the RFC. Plaintiff further argues that due to her leg and back impairments, and her need to lie down frequently, she would be off-task too long to maintain full-time employment.

With regard to Plaintiff's physical impairments, the Commissioner responds that these were fully accounted for by the ALJ's very limiting RFC finding, which restricted Plaintiff to less than a full range of light work, including a sit/stand option every 30 minutes and other limitations (Tr. 30-31). The Commissioner further points out that even if Plaintiff were limited to a reduced range of sedentary work, with the same sit/stand option and other limitations, the VE testified that Plaintiff would be able to perform the following jobs: order clerk, addresser, and lens inserter (Tr.

5

76-77). The Commissioner notes that the sit/stand option every 30 minutes is especially appropriate, considering Plaintiff's testimony that she could sit or stand for up to 45 minutes at a time (Tr. 32, 64). Thus, the Commissioner concludes that the ALJ properly considered Plaintiff's physical impairments.

With regard to her alleged mental impairments, the Commissioner argues that the ALJ properly found that, although Plaintiff had the medically determinable impairments of anxiety and depression, these impairments were non-severe within the meaning of the regulations. The ALJ made this finding after a careful consideration of the "paragraph B" criteria (Tr. 28-29). Specifically, the ALJ explained why he found Plaintiff had mild limitation in activities of daily living; mild limitation in social functioning; mild limitation in concentration, persistence and pace; and no episodes of decompensation (Tr. 29). The Commissioner notes that, at the hearing, Plaintiff put very little emphasis on her alleged mental impairments (see Tr. 56, 66). Plaintiff testified that her medication helped with depression, that her main problems were caused by chronic pain, and that, from a mental perspective, she had no problem with concentration, paying attention, or finishing a task (Tr. 66). This court does not find any issues requiring remand on these points.

Plaintiff's second and third arguments are that the ALJ did not properly consider Plaintiff's daily activities, and that the ALJ did not properly consider Plaintiff's subjective symptoms or credibility.

The ALJ's finding about the claimant's subjective symptoms is entitled to great deference and should be upheld unless patently wrong. *Elder v. Astrue*, 529 F.3d 408, 413-14 (7th Cir. 2008); *Schmidt v. Astrue*, 496 F.3d 833, 843 (7th Cir. 2007). Reviewing courts examine whether a

determination about subjective symptoms was reasoned and supported; only when an ALJ's decision "lacks any explanation or support . . . will [the court] declare it to be patently wrong." *Elder*, 529 F.3d at 413-14 (citations and internal quotations omitted). An ALJ is only required to give reasons for the weight given to a claimant's statements sufficient to provide a fair sense of how the ALJ assessed the claimant's testimony. *See* SSR 16-3p. An ALJ complies with SSR [16-3p] and the Court will affirm her finding, so long as she "gives specific reasons that are supported by the record." *Skarbek v. Barnhart*, 390 F.3d 500, 505 (7th Cir. 2004).

In the present case, the Commissioner contends that the ALJ's discussion of Plaintiff's subjective complaints was more than adequate. First the ALJ discussed Plaintiff's testimony in detail (Tr. 31-32). Second, the ALJ discussed Plaintiff's father's third party function report (Tr. 32). Third, the ALJ noted that Plaintiff's main condition relates to her back, and that Plaintiff has not received specialized treatment since the fall of 2015 (about one year before the ALJ's November 2016 decision) (Tr. 33).

Fourth, the ALJ noted the August 2016 opinion of Mr. Gary Trowbridge, PA, who opined that Plaintiff is unable to maintain employment (Tr. 33, 522). The ALJ gave no weight to this opinion, finding that it was inconsistent with the medical evidence of record (Tr. 33). Specifically, the ALJ noted that Plaintiff had a normal gait, and that after insertion of a spinal cord stimulator in 2015, Plaintiff discontinued specialized treatment (Tr. 33). The Commissioner further notes that, although Mr. Trowbridge opined that Plaintiff could lift a maximum of less than 10 pounds occasionally, and that she can sit and stand for less than 2 hours each in an 8-hour workday, Plaintiff testified to having greater abilities. Specifically, Plaintiff testified that she could lift two gallons of milk (about 16 pounds), although she has to do it carefully (Tr. 64-65),

7

and appeared to testify that she can sit or stand for up to 45 minutes at a time (Tr. 64), with no indication that she would be limited to less than 2 hours each of sitting and standing in an 8-hour day. Furthermore, the ALJ agreed with Mr. Trowbridge that Plaintiff would need a sit/stand option, although the ALJ only required that Plaintiff have the option to change positions every 30 minutes. This court finds that the ALJ's credibility determination withstands scrutiny.

With respect to Plaintiff's activities of daily living, Plaintiff argues that the ALJ's opinion fails to account for *Bjornson* factors, such as who helped Plaintiff, lack of work-comparable pressure or production requirements, and so forth. The Seventh Circuit Court of Appeals has repeatedly cautioned that a person's ability to perform daily activities, especially if they can be done only with significant limitations, does not necessarily translate into an ability to work full-time. *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012), *Punzio v. Astrue*, 630 F.3d 704, 712 (7th Cir.2011); *Gentle v. Barnhart*, 430 F.3d 865, 867–68 (7th Cir. 2005). An ALJ cannot disregard a claimant's limitations in performing household activities. *Moss v. Astrue*, 555 F.3d 556 (2009); *Mendez v. Barnhart*, 439 F.3d 360, 362 (7th Cir.2006). Plaintiff contends that some examples of overemphasis of daily activities in this case include the ALJ's opinions regarding Plaintiff's boyfriend, grocery shopping, housework and personal hygiene.

Several times the ALJ uses the fact that Plaintiff has a boyfriend to imply that Plaintiff has greater functioning than alleged. Plaintiff points out that she and her boyfriend were living together well before she experienced any disabling symptoms. Plaintiff argues that it is illogical to assert that her having a boyfriend indicates a greater level of functionality when, actually, her boyfriend is a regular helper for her for essential tasks of daily living—a *Bjornson* factor.

The ALJ also emphasized that Plaintiff does the grocery shopping unless she is not feeling

well, at which point her daughter takes her. Plaintiff clarifies that at the hearing, she did not indicate exactly how often she goes shopping by herself, only that she does sometimes—and that when she goes, she cannot shop at larger stores, but goes to smaller stores, which is indicative of the level of her functioning and how the shopping she does is not work-comparable.

Likewise, the ALJ emphasized that Plaintiff can fold clothes when her boyfriend brings her the basket, and otherwise overemphasized her ability to do housework. The ALJ acknowledged that Plaintiff testified that she cannot sweep. The ALJ also acknowledged Plaintiff's testimony that she could not work in her flower beds this year but hoped to next year. However, Plaintiff also testified that she would need help as she cannot rise by herself after being at ground level to plant flowers. Plaintiff asserts that such testimony directly contradicts the RFC assertion that she can occasionally crouch and crawl as part of a job. Also, the ALJ emphasized Plaintiff's ability to care for her personal hygiene. Yet her testimony was that sometimes she cannot shower by herself.

This court finds that Plaintiff is correct that the ALJ overemphasized her daily activities which requires remand.

## Conclusion

On the basis of the foregoing, the decision of the ALJ is hereby REMANDED for further proceedings consistent with this Opinion .

Entered: February 19, 2019.

s/ William C. Lee<br>
William C. Lee, Judge<br>
United States District Court